# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIQUANE COLLINS,<br>　　*Plaintiff*,<br><br>　　v.<br><br>BRITO *et al.*,<br>　　*Defendants*. | No. 3:19-cv-874 (JAM) |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Jiquane Collins is a prisoner of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights. After an initial review, I conclude that the complaint should be dismissed without prejudice.

### BACKGROUND

The complaint names the following four defendants: the Connecticut Department of Correction ("DOC"); Correctional Officer Brito, Lt. Rivera, and Segregation Counselor Reeves. All of the individual defendants were employed at relevant times at the MacDougall-Walker Correctional Institution.

The complaint alleges with sparse detail the following facts that I accept as true solely for purposes of this initial review order. On April 13, 2019, Collins was assaulted by his cellmate and knocked unconscious. Doc. #7 at 5. Defendant Brito "dragged me by my foot out of my room while I was uncon[sc]ious." *Ibid*. "When the C.O. dragged me there was not medical employees around and when LT Rivera came he told [B]rito to chill and let me go and try to wake me up and have me walk to medical." *Ibid.* In addition, "when the C.O saw blood they dropped me." *Id.* at 6.

1

Collins woke up the next day at UConn hospital with a fractured nose and wounds on his head and face. *Id.* at 5. According to Collins, he knows how Brito removed him from his cell because later "the block I am housed in told me of what was happening." *Id.* at 6. He also speculates that "the recorded footage can tell my tale, how acts of cruelty [were] done upon me." *Ibid.*

Collins claims that his rights were violated due to "negligence correctional corruption and plain and s[i]mple cover up due to the fact while being uncon[sc]ious and dragging me out of my room without medical attention present is a direct violation of [protocol], policy and DOC rules as a whole." *Id.* at 6. He further claims that his "rights were violated due to negl[i]gence, 8th Amendment rights [and] civil rights." *Ibid.*

In addition, Collins alleges that during his "seg hearing," defendant Reeves coerced him into "signing the ticket stating that it was unbeatable 'just sign' proving DOC standard corruption." *Ibid.* Collins does not state when the "seg hearing" took place, with what he was charged, or whether it had any connection to the incident in which he was assaulted by his cellmate.

Collins seeks "the maximum money damages for this vile assault and cover up by the sum of '5,000,000 million dollars,'" *ibid*, that is, five trillion dollars. He also wants "my case to be public, Facebook, CBS, FOX61 News, NBC." *Ibid.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claims against DOC and against individuals in official capacity*

As a threshold matter, I note that Collins has sued the DOC solely for money damages for violating his rights under the U.S. Constitution, a claim that arises under 42 U.S.C. § 1983. But the DOC is not a "person" within the meaning of section 1983, "and thus may not be sued pursuant to this statute regardless of whether a state has waived its sovereign immunity." *Smith v. Conn. Dep't of Corr.*, 2014 WL 3824357, at *6 (D. Conn. 2014). Accordingly, I will dismiss Collins' claims against the DOC.

### *Eighth Amendment deliberate indifference to safety and medical needs*

The Eighth Amendment to the U.S. Constitution protects against the infliction of cruel and unusual punishment. *See* U.S. Const. Amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or to the serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A deliberate indifference claim under the Eighth Amendment has two requirements. First, the prisoner must allege that he was subject to an objectively serious risk of harm or serious medical need, as distinct from what a reasonable person would understand to be a minor risk of harm or minor medical need. Second, the prisoner must allege that a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind reflecting actual awareness of a substantial risk that serious harm to the prisoner would result. *See, e.g.*, *Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012).[1]

As to defendant Brito, the complaint does not plausibly allege a violation of the Eighth Amendment when Brito allegedly dragged Collins by the foot from his cell. The complaint alleges very little detail but implies that Brito removed Collins from his cell for the purpose of facilitating medical treatment. The complaint itself twice alleges that Brito was negligent, and—as noted above—an Eighth Amendment claim cannot be based on a claim of mere negligence. The complaint otherwise fails to alleges sufficient facts to show that Brito acted with no less than deliberate disregard for Collins' safety or medical needs, much less that Collins suffered any injuries due to Brito's alleged misconduct (as distinct from the injuries inflicted on Collins by his cellmate who knocked him unconscious in the first place).

As to defendant Rivera, the complaint is even weaker. It alleges that Rivera tried to stop Brito and to try to wake Collins up so that he could walk to the medical unit. It does not allege

---

[1] Because Collins himself alleges a violation of the Eighth Amendment, I assume he was a sentenced prisoner at the time of the incidents at issue. If he was not a sentenced prisoner, his claims would be subject to evaluation under the somewhat less demanding standard of the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Even if I were to apply this different standard, I would reach the same result in this case in light of the paucity of factual allegations to show deliberate indifference. If Collins chooses to file an amended complaint, he should allege whether he was a pretrial detainee or sentenced prisoner at relevant times.

any more facts about Rivera, and those facts that are alleged against Rivera fall well short of suggesting that he acted with deliberate disregard for Collins' safety or his medical needs.

*Procedural due process*

As to Collins' claim against Reeves for allegedly forcing him to sign a disciplinary ticket, I understand this claim to sound in the nature of a violation of procedural due process to the extent that the compelled signing of the ticket resulted in the loss of Collins' right to dispute the basis for his disciplinary segregation. A claim for a violation of due process arises under the Fourteenth Amendment to the United States Constitution which provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

I conclude that the complaint fails to allege a plausible due process claim for two reasons. First, although the complaint conclusorily alleges that Reeves coerced Collins into signing the ticket, the only facts it alleges to suggest coercion was that Reeves told Collins that the charge "was unbeatable" and to "'just sign'" the ticket. Doc. #7 at 6. These facts do not show duress or coercion.

Even assuming coercion by Reeves, Collins has still not alleged facts sufficient to establish a procedural due process claim. The "standard analysis" for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). In the prison context (involving someone whose liberty interests have already been severely restricted because of his or her confinement in a prison), a plaintiff must show that he was subject to an "atypical and significant hardship ... in relation to the ordinary

5

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, in *Sandin*, the Supreme Court concluded that a prisoner who was subject to a disciplinary term of 30 days confinement in restrictive housing did not sustain an atypical and significant hardship to constitute a deprivation of a liberty interest that would be subject to protection under the Due Process Clause. *Id.* at 486. Following *Sandin*, the Second Circuit has explained that courts must examine the actual punishment received, as well as the conditions and duration of the punishment to determine if there has been a deprivation of liberty for purposes of any procedural due process claim. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).

Here, the complaint does not allege any facts about the duration of segregation or the conditions that Collins encountered while in segregation. The complaint says almost nothing about the reasons for the disciplinary ticket or whether a period of segregation even resulted. Accordingly, the complaint does not allege sufficient facts to infer that he was subject to a deprivation of his liberty interest as a result of any action by Reeves in connection with the disciplinary hearing process.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice. If Collins believes there are additional facts that would overcome the concerns stated in this ruling, then Collins may file an amended complaint alleging additional facts by **January 16, 2020**. In the meantime, the Clerk of Court shall close this case subject to reopening in the event that Collins timely files an amended complaint. It is so ordered.

Dated at New Haven this 16th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge